

**SO ORDERED,**

**Judge Katharine M. Samson**
**United States Bankruptcy Judge**
**Date Signed: June 18, 2026**

The Order of the Court is set forth below. The docket reflects the date entered.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:   **Michael Wayne Langley**                      Case No. 25-51408-KMS
         **Linda Michelle Langley, Debtors**                      CHAPTER 13

### AGREED <u>ORDER APPROVING SETTLEMENT, COMPENSATION OF SPECIAL COUNSEL AND AUTHORIZING DISTRIBUTION OF PROCEEDS</u>

THIS CAUSE having come on this date on the Debtors Counsel's Motion to Approve a Settlement, Compensate Special Counsel and Authorize Distribution of Proceeds (DK # 37), the Court, being advised that the parties have reached an agreement regarding the issues raised therein, finds as follows:

The Debtor was a party to a product liability action that was fully settled and substantially disbursed in August 2025, prior to the bankruptcy filing. At the time of settlement, a portion of the settlement proceeds was held back pending resolution of certain lien issues. Following the filing of this bankruptcy case, the lien holdback proceeds in the amount of $2,469.96 were disbursed to the Debtor in January 2026. Because the underlying litigation and settlement were completed prior to the petition date, the filing of the Application to Employ Special Counsel and the Motion to Approve Settlement was unnecessary and should not have been filed.

The only post-petition issue relating to the settlement concerns the lien holdback proceeds received by the Debtor in January 2026. In order to resolve any claim of the bankruptcy estate to the lien holdback proceeds and avoid further litigation and expense, the Debtor has agreed to remit the sum of $1,200.00 to the Chapter 13 Trustee.

IT IS THEREFORE ORDERED that the Motion to Approve Settlement are acknowledged to have been unnecessary because the underlying product liability claim was settled and substantially disbursed prior to the commencement of this bankruptcy case.

IT IS FURTHER ORDERED in full settlement and resolution of any interest of the bankruptcy estate in the post-petition disbursement of the lien holdback proceeds, the Debtor shall pay the sum of $1,200.00 to the Chapter 13 Trustee. to increase the amount paid to the unsecured creditors. (sjd)

IT IS FURTHER ORDERED that except as expressly provided herein, all other provisions of the confirmed plan and prior orders of this Court shall remain in full force and effect.

##END OF ORDER##

Approved By:

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr., (MSBN 103469)
Jennifer A Curry Calvillo (MSBN 104367)
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
(601) 500-5533

/s/Samuel J. Duncan
_____
Attorney for Chapter 13 Trustee